UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUTISM HOMES ALLIANCE, LLC and AMERICAN METRO BANK, | ) ) ) |
| Plaintiffs, | ) Case No. 16-cv-5970 ) ) Judge Sharon Johnson Coleman |
| v. | ) ) |
| 6146–48 N. OAKLEY CONDOMINIUM ASSOCIATION, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs, Autism Homes Alliance, LLC and American Metro Bank, brought this action against the 6146–48 N. Oakley Condominium Association alleging violations of the Fair Housing Act. Default judgment was entered in the plaintiffs favor, along with an award of attorney's fees and costs. The Condo Association subsequently raised a number of challenges to the validity of the default judgment, all of which have been denied. The plaintiffs now move to recover the attorney's fees which they have incurred since the entry of the default judgment under 42 U.S.C. § 3613(c)(2). For the reasons set forth below, the plaintiffs' motion for attorney's fees is granted in part and denied in part.

**Background**

Judge Darrah granted default judgment in this action on December 12, 2016, after the Condo Association repeatedly failed to timely file their responsive pleadings. As part of that judgment, Judge Darrah awarded the plaintiffs their attorney's fees and costs in the amount of $71,349.25 for the period ending November 22, 2016. The Condo Association moved to vacate the default judgment and, in the middle of the briefing of that motion, substituted counsel and filed an amended motion to vacate the default judgment. This case was reassigned to this Court while

1

briefing of the Condo Association's amended motion to vacate the default judgment was underway. Following this Court's ruling denying that motion, the Condo Association moved for reconsideration, which was denied. The plaintiffs have brought this motion to recover the fees that they incurred between November 23, 2016, and December 19, 2017, while litigating the Condo Association's attempts to vacate Judge Darrah's decision.

**Legal Standard**

In civil actions under the Fair Housing Act, the court, "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs." 42 U.S.C. § 3613(c)(2). The principal factor in determining what constitutes a reasonable fee is the "lodestar" figure, which is the number of hours spent by the attorney(s) multiplied by their reasonable hourly rate. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 443, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). An award of the originally calculated lodestar amount is presumptively reasonable, and it is the opposing party's burden to show that an adjusted rate is needed. *Robinson v. City of Harvey*, 489 F.3d 864, 872 (7th Cir. 2007). If an adjusted rate is needed, the court may increase or decrease the lodestar based on considerations such as the degree of success or the results obtained from litigation. *Thorncreek Apts. III, LLC v. Mick*, 886 F.3d 626, 638 (7th Cir. 2018).

**Discussion**

As an initial matter, the plaintiffs contend that the Condo Association's response should be disregarded as a result of the Condo Association's failure to comply with the Local Rules. Local Rule 54.3(e)(2) requires that the party responding to a fee motion provide a table giving the respondent's position as to the name, compensable hours, appropriate rates, and totals for each biller listed by the movant. It is undisputed that the Condo Association failed to comply with this rule's mandate. Despite this failure to comply with the clearly established rules of this Court, the

Condo Association's arguments will nevertheless be considered to the extent that they are set forth in the briefing before the Court. *See Sonii v. Gen. Elec.,* No. 95 C 5370, 2003 WL 21541039, at *3 (N.D. Ill. June 11, 2003) (Gottschall, J.) (recognizing that courts have discretion to consider a respondent's arguments despite that party's noncompliance with Local Rule 54.3(e)).

In order to be entitled to attorney's fees, the plaintiffs must first establish that they were the prevailing parties in this action. The Condo Association contends that the plaintiffs are not the prevailing party because a default judgment is not a victory on the merits. The fee-shifting provisions of the FHA found in section 3613(c)(2) provides that attorney's fees are only available to a party that has secured a judgment on the merits or a court-ordered consent decree. *Claiborne v. Wisdom*, 414 F.3d 715, 719 (7th Cir. 2005); (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-04, 121 S. Ct. 1835, 149 L.Ed.2d 855 (2001)). A judgment on the merits is one that results in a material alteration of the legal relationship of the parties and results from a judicial act rather than a party's voluntary change in conduct. *Buckhannon,* 532 U.S. at 604–605.

The Condo Association's illusory arguments notwithstanding, it is clear that a default judgment is a judgment on the merits. A default judgment, when entered, establishes the non-moving parties' legal liability as to each cause of action alleged in the complaint and establishes, as a factual matter, the truth of every allegation in the complaint relating to liability. *Scott v. Peterson*, No. 09 C 1633, 2010 WL 3173001, at *2 (N.D. Ill. Aug. 11, 2010) (Kendall, J.)(citing *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir.1982)). Default judgments therefore materially alter the parties' legal relationship and plainly constitute judgments on the merits. Although the Condo Association may have failed to defend this action, the default judgment in the plaintiffs' favor here is a judgment on the merits issued in the plaintiffs' favor within the meaning of section 3613.

In order to calculate a lodestar value, it is first necessary to identify the billing attorneys' reasonable hourly rate. The reasonable hourly rate used in calculating the lodestar must be based on the market rate for the attorney's work. *McNabola v. Chi. Transit Auth.*, 10 F.3d 501, 519 (7th Cir. 1993). The market rate is considered to be the rate that lawyers of similar experience and ability in the community would normally charge their paying clients for the type of work in question. *Id.* It is the movant's initial burden to establish that the hourly rates that they seek represent the market rate for their work. Once that burden is met, it becomes the opposing party's burden to demonstrate why a lower rate should be awarded. *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 407 (7th Cir. 1999).

Here, John Durso billed between $692.95 and $695.00 per hour, Jamie Robinson billed $555.00 per hour, Peter Shakro billed $313.78 per hour, and Patrick Duffey billed $325.00 per hour. These rates are established by affidavit to be the rates customarily charged to Nixon Peabody's clients and to be representative of those charged in the legal community for similar services. Although limited, this evidence is sufficient to establish the involved attorneys' reasonable hourly rates because the best evidence of an attorney's market rate is what they actually bills for similar work. *Montanez v. Simon*, 755 F.3d 547, 554 (7th Cir. 2014). The Condo Association, by contrast, offers no viable evidence calling this rate into question. The only evidence offered is defense counsel's unsubstantiated assertion in the response brief that she charges $325.00 per hour and that the plaintiffs' rates therefore do not represent the going rate in the community. Even if offered as evidence, one attorney's hourly rate would be wholly inadequate to establish that another attorney's hourly rate is unreasonable, especially when, as here, there is no evidence concerning the involved attorneys' respective skill, experience, or reputation. The Condo Association has accordingly failed to meet its burden of establishing that plaintiffs' counsel's hourly rates are unreasonable.

Having determined that counsels' hourly rates are reasonable, this Court turns to the reasonableness of the hours that the plaintiffs claim were expended on this case. Here, the plaintiffs

4

seek to recover for 28.3 hours billed by John Durso, 45.2 hours billed by Jamie Robinson, 35.3 hours billed by Peter Shakro, and 38.4 hours billed by Patrick Duffey. The Condo Association contends that the plaintiffs have improperly engaged in cluster billing and have overbilled for their services.

Cluster billing is the practice of describing multiple separately billable activities within one billing entry, such that it is impossible to discern how much time each individual task may have taken. When a fee petition is vague or inadequately documented, a court may strike problematic entries or reduce the fee awarded. *Harper v. City of Chi. Heights*, 223 F.3d 593, 605 (7th Cir. 2000). The Court agrees that cluster-billing makes it more difficult for a reviewing court to assess the reasonableness of specific tasks, especially when a clustered billing entry includes conduct for which attorney's fees are not warranted. After close review of the specific entries identified by the Condo Association, however, this Court concludes that they are in fact reasonable in light of the tasks identified and the time consumed. The Condo Association, although it claims that cluster billing is a "fatal defect," fails to identify any law prohibiting the practice or preventing this Court from finding the entries at issue here to be reasonable where the total time expended reasonably corresponds to the identified tasks.

The Court next turns to the Condo Association's brief and conclusory argument that the plaintiffs overbilled. In support of this argument, the Condo Association notes that the plaintiffs billed 18.3 hours drafting and reviewing their response to the defendant's motion for reconsideration, 8.6 hours preparing for an oral argument, and 2.9 hours for editing and cite-checking their response to the motion to vacate. The Condo Association, however, fails to offer any argument or analysis explaining why these billing entries are unreasonable or excessive. The Court, moreover, does not believe that these entries are unwarranted given the factual complexity of this case and the prolific post-judgment motion practice that it has entailed. *See Stragapede v. City of*

5

*Evanston*, 215 F. Supp. 3d 708, 711 (N.D. Ill. 2016) (Chang, J.) (determining whether counsel is "guilty of staffing overkill depends on the circumstances, including the complexity of the case and the length of the litigation). The Condo Association's argument as to how little time its own attorney has billed is similarly unavailing. Even if the Condo Association's calculation of time was accurate, which it is not (because it ignores the time that the Condo Association's first counsel spent engaging in post-judgment motion practice), the Condo Association cannot prove that the hours that its attorney billed were reasonable given that it has not prevailed on a single substantive matter in this case.

The Condo Association also asserts that the plaintiffs have improperly billed for redacted tasks. The plaintiffs have conceded that they will not seek to recover for certain redacted billing entries identified in their initial fee request. This, however, leaves a number of fully redacted entries, as well as several partially redacted entries identifying a general task such as "researching a rule" or "analyzing caselaw" but failing to further identify what specific research task or even general subject matter is at issue. These redactions prevent the Court from being able to assess the reasonableness of the task and time allotted, and this Court accordingly declines to award any fees for the redacted billing entries.[1]

Finally, the Condo association challenges two billing entries, for July 27, 2017, and August 17, 2017, that appear to contain clerical tasks such as filing an appearance or filing a motion. This Court agrees that these clerical tasks should not be billed for at attorney rates, and accordingly reduces those billing entries by 0.5 hours each. *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999).

---

[1] The redacted entries for which fees will not be awarded include .6 hours billed on 11/23/16, 1.7 hours billed on 1/9/17, 1.8 hours billed on 1/17/17, 0.5 hours billed on 1/20/17, 1.9 hours billed on 1/22/17, 2.8 hours billed on 1/23/17, 0.5 hours billed on 2/8/17, 0.3 hours billed on 2/9/17, 0.6 hours billed on 2/26/17, and 2.4 hours billed on 8/16/17.

Having dispensed with the Condo Association's arguments, the Court turns to its own independent review of the billing records in question. As a preliminary matter, the Court notes that on February 27, 2017, the plaintiffs billed one hour for reviewing an ARDC complaint and answer involving the Condo Association's former counsel. Given that the ARDC proceedings did not implicate the Condo Association's representation at the time of that entry, this Court does not see how the ARDC proceedings at issue were relevant to this case. More important, this Court is loathe to treat ARDC proceedings as having any tactical significance beyond the individual attorney-client relationship that they involve. Fees therefore will not be awarded for time spent investigating disciplinary proceedings against a lawyer who was previously a part of this case.

The Court is also concerned by the plaintiffs' apparent attempt to bill for conduct relating to proceedings before the Illinois Department of Human Rights. There is nothing before this Court to establish the nature of the IDHR proceeding or that the plaintiffs were the prevailing party in that proceeding. The plaintiffs, moreover, have failed to establish any legal basis for awarding attorney's fees for state administrative actions under section 3613's attorney fee provision. The Court accordingly declines to award fees for activities related to the plaintiffs' IDHR proceedings.[2]

In light of the foregoing analysis, the Court determines that the plaintiffs are entitled to the following lodestar calculation:

| Lawyer | Hours | Hourly Rate | Totals |
| --- | --- | --- | --- |
| Patrick R. Duffey | 35 | $325.00 | $11,375.00 |
| John J. Durso | 5.8 (11/23/16–5/31/17) | $692.95 (11/23/16–5/31/17) | $4,019.11<br>$13,587.25 |

---

[2] Those fees include 0.4 hours billed on 11/28/2016, 0.2 hours billed on 12/12/2016, 0.8 hours billed on 12/14/2016, 0.1 hours billed on 12/15/2016, 0.8 hours billed on 1/17/2017, 0.2 hours billed on 1/19/2017, 0.2 hours billed on 1/25/2017, 0.5 hours billed on 2/3/2017, 0.9 hours billed on 2/5/2017, 0.2 hours billed on 2/14/2017, 1.5 hours billed on 2/22/2017, 2 hours billed on 2/23/2017, and 0.2 hours billed on 5/25/2017. .

|  | 19.55 (6/1/17–12/19/17) | $695.00 (6/1/17–12/19/17) |  |
|---|---|---|---|
| Jamie A. Robinson | 44.1 | $555.00 | $24,475.50 |
| Peter J. Shakro | 19.7 | $313.78 | $6,181.47 |
| Total |  |  | $59,638.33 |

As was previously noted, the award of the lodestar amount is presumptively reasonable and the Condo Association bears the burden of showing that an adjustment to that value is needed. *Robinson*, 489 F.3d at 872. Here, no such showing has been made.

As a final matter, this Court turns to the Condo Association's argument that this Court should, in an exercise of its discretion, decline to award any further attorney's fees in this case. The Condo Association's points are well taken. The Condo Association is, based on its representations, a self-managed association of two-bedroom condominium owners. The Condo Association, moreover, is already subject to attorney's fees awarded by Judge Darrah in the amount of $71,349.25 entered at the time of the default judgment order. Judge Darrah's fee award, however, is not presently before this Court. What is before this Court is the plaintiffs' present request for attorney's fees based on the Condo Association' conduct after the default judgment. As this Court has previously held on multiple occasions, the default judgment entered in this case was legally proper. The subsequent litigation challenging that judgment, although perhaps based on arguments that the Condo Association believed meritorious, had the effect of prolonging this litigation and forcing the plaintiffs to incur substantial costs in order to ensure that they received the benefits of the judgment in their favor. The purpose of section 3613's fee award is to encourage individuals injured by discriminatory housing practices to vindicate their rights and to advance the public's interest in eliminating housing discrimination. Although not individuals, the plaintiffs here are entities harmed

by discriminatory practices and this suit vindicates their rights. This Court has no doubt that the duration and cost of this litigation following the entry of the judgment in the plaintiffs' favor would chill similarly situated plaintiffs' exercise of their rights. The expense incurred, moreover, resulted entirely from the Condo Association's litigation tactics. In light of these considerations, the present award of attorney's fees is necessary and appropriate.

**Conclusion**

For the foregoing reasons, the plaintiffs' motion for attorney's fees [67] is granted and attorney's fees are awarded to the plaintiffs in the amount of $59,638.33. This amount is in addition to the $71,349.25 in attorney's fees previously awarded by Judge Darrah in his December 13, 2016, order.

IT IS SO ORDERED.

Date: 7/31/2018

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge